Clerk's Office
Filed Date: 11/2/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

AMERICAN UNITED TRANSPORTATION INC.,

                Plaintiff,

      v.

WESTERN REGIONAL UNION
and JESSICA BERGER,

                Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
21-CV-3985 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff commenced the above-captioned action on May 17, 2021 in Kings County Civil Court against Defendants Western Regional Union and Jessica Berger based on a motor vehicle accident that occurred on July 16, 2018, involving a vehicle owned by Plaintiff and a vehicle driven by Berger. (Summons and Compl., annexed to Def.'s Notice of Removal as Ex. A, Docket Entry No. 1-1; United States' Mot. to Dismiss ("United States' Mot.") 1, Docket Entry No. 5.) Berger, an employee of the Federal Bureau of Investigation ("FBI"), was working in the scope of her employment at the time of the accident,[1] and as a result, the United States was substituted for Berger as Defendant and removed the case to this Court pursuant to 28 U.S.C. § 1446, (Notice of Removal, Docket Entry No. 1).[2]

---

[1] (Certificate of Scope of Employment and Notice of Substitution of United States of America as Party Defendant for Jessica Berger, annexed to Def.'s Notice of Removal as Ex. B, Docket Entry No. 1-2.)

[2] Plaintiff's claims against Berger must be brought against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346 *et seq.* ("FTCA").

On August 27, 2021, the United States requested a pre-motion conference to address its anticipated motion to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (United States' Mot.) Plaintiff filed its opposition on September 3, 2021, (Pl.'s Mot. in Opp'n to United States' Mot. ("Pl.'s Opp'n"), Docket Entry No. 6). The Court advised the parties that unless either party objected, the Court would decide the merits of the motion based on their pre-motion submissions, and permitted the parties to submit supplemental filings. (Order dated Sept. 8, 2021.) The United States replied to Plaintiff's opposition on September 14, 2021, (United States' Reply in Supp. of United States' Mot. ("United States' Reply"), Docket Entry No. 7). Neither party has submitted any other supplemental briefings or objected to the Court deciding the merits of the motion based on the pre-motion submissions.

For the reasons set forth below, the Court grants the United States' motion, dismisses the Complaint against the United States, and remands the action against Western Regional Union to Kings County Civil Court.

## I. Background

The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order.

Plaintiff alleges that on or about July 16, 2018, it was involved in a motor vehicle accident in Brooklyn, New York that resulted from the "negligent operation of the [United States'] motor vehicle." (Compl.) Plaintiff seeks $2,409.05 with interest from the date of the accident for property damage and loss of use. (*Id.*)

## II. Discussion

### a. Standard of review

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it." *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova*, 201 F.3d at 113); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (per curiam) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "'[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted) (first quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); and then quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)), *aff'd*, 561 U.S. 247 (2010). Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova*, 201 F.3d at 113); *see also Suarez v. Mosaic Sales Sols. US Operating Co.*, 720 F. App'x 52, 53 (2d Cir. 2018) (citing *Morrison*, 547 F.3d at 170); *Clayton v. United States*, No. 18-CV-5867, 2020 WL 1545542, at *3 (E.D.N.Y. Mar. 31, 2020) (quoting *Tandon*, 752 F.3d at 243); *Fed. Deposit Ins. Corp. v. Bank of N.Y. Mellon*, 369 F. Supp. 3d 547, 552 (S.D.N.Y. 2019) (quoting *Tandon*, 752 F.3d at 243).

### b. The Court lacks subject matter jurisdiction over Plaintiff's claims against the United States

The United States argues that Plaintiff has conflated the FTCA's administrative exhaustion requirement, which is jurisdictional and cannot be waived, with the FTCA's filing deadline, which is non-jurisdictional and subject to equitable tolling. (United States' Reply 2.) The United States also argues that Plaintiff should have known that the accident involved an FBI agent because days after the vehicle accident, an FBI Special Agent interviewed the driver of the vehicle registered to Plaintiff, identifying herself in the process and "the nature of the interview." (United States' Reply 3; Decl. of Spencer Lucas ("Lucas Decl.") ¶ 2, annexed to United States' Reply, Docket Entry No. 7-1.)

Plaintiff has not alleged any facts suggesting that it complied with the exhaustion requirements and instead argues that the Court should apply equitable tolling, as Plaintiff has exercised due diligence in pursuing and preserving its claim. (*See generally* Compl.; Pl.'s Opp'n.) In addition, Plaintiff contends that it should now be permitted to file an administrative claim with the appropriate agency.[3] (*Id.*)

The United States is generally immune from suit. *See Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019) ("The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued."), *cert. denied*, 139 S. Ct. 2748; *see also United States v. Bormes*, 568 U.S. 6, 9 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" (quoting *United States v. Nordic Vill., Inc.*,

---

[3] In its opposition, Plaintiff refers repeatedly to Western Regional Union rather than Berger or the substituted Defendant, the United States. (*See generally* Pl.'s Opp'n.) There is no indication from the Court's docket that Plaintiff served Western Regional Union with the Complaint, and Western Regional Union has not filed any submissions. The Court considers only the plausibility of Plaintiff's allegations against the United States.

4

503 U.S. 30, 33–34 (1992))). Under the FTCA, a plaintiff may bring a tort suit against the United States under certain circumstances. *See Cooke*, 918 F.3d at 81 ("One such 'limited waiver' of [the United States'] sovereign immunity is provided by the FTCA, which 'allows for a tort suit against the United States under specified circumstances.'" (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007))); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008) ("In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees.").

"Prior to filing an FTCA action, a plaintiff must exhaust administrative remedies, which include presenting the claim to the appropriate federal agency." *Yunkeung Lee v. United States*, 570 F. App'x 26, 27 (2d Cir. 2014) (citing 28 U.S.C. § 2675(a)); *see DeBoe v. Du Bois*, 503 F. App'x 85, 89 (2d Cir. 2012) (affirming the district court's finding that it lacked subject matter jurisdiction over the plaintiff's claim because the plaintiff failed to exhaust his administrative remedies under the FTCA by filing a complaint with the appropriate federal agency) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (1998)); *see also Millares Guiraldes de Tineo*, 137 F.3d at 720 ("In sum, the United States has not consented to be sued on a tort claim unless the claim was first presented to the appropriate federal agency in writing, was so presented within two years after the claim accrued, and specified the amount of the claim in writing."). "[A]n administrative claim must be filed with the responsible federal agency within two years of a plaintiff's alleged injury." *Torres v. United States*, 612 F. App'x 37, 39 (2d Cir. 2015); *see Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013) ("Under the FTCA, before a claimant can file suit, he or she must first present the claim to the appropriate federal agency . . . within two years of the date the claim accrued." (citing 28 U.S.C. § 2401(b))). A "claimant can only initiate his or her lawsuit once the claim has been denied by the agency (or

5

if the agency has failed to make a decision within six months after the claim was filed).” *Phillips*, 723 F.3d at 147; *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (“The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court.”). “Because this presentment requirement serves to ease court congestion and to permit expeditious settlement without ‘costly and time-consuming litigation,’ the claimant must provide the agency with enough information to permit it ‘to conduct an investigation and to estimate the claim's worth.’” *Yunkeung Lee*, 570 F. App’x at 27 (first quoting *McNeil v. United States*, 508 U.S. 106, 111–12 (1993); and then quoting *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998)).

"This [exhaustion] requirement is jurisdictional and cannot be waived.” *Celestine*, 403 F.3d at 82 (citing *McNeil*, 508 U.S. at 113); *see Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021) (“The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived.” (quoting *Celestine*, 403 F.3d at 82)); *Hollis Care Grp. Inc. v. U.S. Small Bus. Admin*, 848 F. App’x 483, 484 (2d Cir. 2021) (“First, to the extent [p]laintiffs pled the necessary elements of fraud and negligent supervision under New York law, those claims were cognizable under the [FTCA] and therefore subject to a non-waivable, jurisdictional administrative exhaustion requirement.” (footnote omitted)); *Leytman v. United States*, 832 F. App’x 720, 722 (2d Cir. 2020) (“Failure to comply with this exhaustion requirement deprives Article III courts of subject matter jurisdiction over FTCA claims.” (citing *Celestine*, 403 F.3d at 82)); *Yunkeung Lee*, 570 F. App’x at 27 (“Although the presentment ‘need not meet formal pleading’ standards, the requirement is jurisdictional and must be ‘adhered to strictly.’” (quoting *Johnson ex rel. Johnson v. United States*, 788 F.2d 845, 848–49 (2d Cir. 1986), *overruled on other grounds by Sheridan*

6

*v. United States*, 487 U.S. 392 (1988))); *Accolla v. U.S. Gov't*, 381 F. App'x 71, 73 (2d Cir. 2010) (same); *see also Ruffin v. United States*, No. 20-CV-4128, 2021 WL 4408039, at *6 (E.D.N.Y. Sept. 27, 2021) (same); *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999) ("Unless a plaintiff complies with [the exhaustion] requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim." (citing *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979))), *abrogated on other grounds*, *United States v. Wong*, 575 U.S. 402 (2015).

Unlike the FTCA's exhaustion of administrative remedies, which is jurisdictional in nature and not subject to waiver or tolling, the statute of limitations for a plaintiff to file a civil suit and commence an action is subject to waiver and tolling. *See Wong*, 575 U.S. at 420 ("Accordingly, we hold that the FTCA's time bars are nonjurisdictional and subject to equitable tolling."); *Sisun v. United States*, No. 18-CV-7429, 2019 WL 2163115, at *2 (E.D.N.Y. May 16, 2019) ("The FTCA's exhaustion requirement is 'jurisdictional and cannot be waived.' However, the FTCA's filing deadlines are 'nonjurisdictional and subject to equitable tolling.'" (first quoting *Celestine*, 403 F.3d at 82; and then citing *Mahmud v. United States*, No. 17-CV-4774, 2018 WL 2766141 at *3 & *3 n.2 (E.D.N.Y. June 7, 2018); and then quoting *Wong*, 575 U.S. at 420)). Because failure to comply with the statute of limitation is not jurisdictional, where a plaintiff has exhausted its administrative remedies, the plaintiff may seek equitable tolling to rebut a statute-of-limitations defense. *See Spina v. Lu Feng Liu*, No. 20-CV-9368, 2021 WL 2174189, at *5 (S.D.N.Y. May 28, 2021) ("In a subsequent action, after the plaintiffs have exhausted their administrative remedies, the plaintiff may be able to rely on equitable tolling to rebut a statute-of-limitations defense."). Where a federal statute of limitations is shorter than the state statute of limitations and a plaintiff is unaware that a tortfeasor was acting as an agent of the

United States, the plaintiff may be entitled to equitable tolling. *See Celestine*, 403 F.3d at 84; *Obispo v. Bronx Lebanon Hosp.*, No. 19-CV-2815, 2019 WL 6870996, at *6 n.6 (S.D.N.Y. Dec. 17, 2019) ("While we make no ruling on the issue, we note that equitable tolling is sometimes available to extend the two-year period and such tolling may occur in circumstances where it was not apparent that the individual being sued was covered by the FTCA.").

### i. Plaintiff failed to exhaust its administrative remedies

Because Plaintiff has not pled exhaustion of its administrative remedies, as required by the FTCA, (*see, e.g.*, Compl.; Pl.'s Opp'n at 2; *see generally* United States' Reply), the Court does not have subject matter jurisdiction and therefore grants the United States' motion to dismiss and dismisses the claim without prejudice. *See Spina*, 2021 WL 2174189, at *5 ("Accordingly, even time-barred claims should be dismissed without prejudice to permit the plaintiff to exhaust the administrative requirements first and to plead equitable tolling in the subsequent action."); *Gjidija v. United States*, No. 18-CV-0259, 2019 WL 2615438, at *6 (S.D.N.Y. June 26, 2019) (finding that dismissal of the action was warranted due to lack of subject matter jurisdiction because the plaintiff failed to exhaust administrative remedies); *Tarafa v. B.O.P. MDC Brooklyn*, No. 07-CV-0554, 2007 WL 2120358, at *3–4 (E.D.N.Y. July 23, 2007) (dismissing FTCA claim without prejudice for failure to exhaust administrative remedies).

### ii. Plaintiff is not entitled to equitable tolling based on its failure to exhaust its administrative remedies

Plaintiff's argument that equitable tolling should apply because there was "no evidence to suggest that [D]efendants were either a federal entity or a federal employee," fails as a matter of law. (Pl.'s Opp. 2.)

8

Even when a suit is "originally brought (1) in state court against (2) a defendant who is not readily identified as a federal employee," *Celestine*, 403 F.3d at 82, the exhaustion requirement is jurisdictional, is not subject to tolling, and cannot be waived.  In *Celestine*, the Second Circuit affirmed that a pre-existing exception to the exhaustion requirements for FTCA suits originally brought in state court was "no longer in force." *Id.*; *see Kurbanova v. United States*, No. 10-CV-1328, 2011 WL 4464552, at *5 (E.D.N.Y. Sept. 26, 2011) (discussing statutory overrule of prior rule carving out a judicial exception to exhaustion for FTCA claims brought in state court).  The fact that Plaintiff was allegedly unaware of Defendant's federal status does not warrant equitable tolling, and in any case, this does not affect the Court's lack of jurisdiction in light of Plaintiff's failure to exhaust its administrative remedies.  *See Norman v. United States*, 377 F. Supp. 2d 96, 100–02 (D.D.C. 2005) (declining to apply equitable tolling where plaintiff was unaware that federal employee was involved in motor vehicle accident and had originally brought claim in state court and dismissing claims on the basis of plaintiff's failure to exhaust administrative remedies).  While equitable tolling may apply to Plaintiff's claim if time-barred, it is not applicable to Plaintiff's failure to exhaust its administrative remedies.

Accordingly, the Court dismisses without prejudice Plaintiff's claims against the United States for lack of subject matter jurisdiction.

      **c.**    **The Court remands any claims against Defendant Western Regional Union**

The Court has no record of Defendant Western Regional Union being issued a Summons, being named in the Complaint, being served, or otherwise appearing in this matter.  Because the Court dismisses the action against the United States for lack of subject matter jurisdiction, the Court has no jurisdiction over a tort action against Western Regional Union.  The Court therefore

9

remands the case against Western Regional Union to the Kings County Civil Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. Conclusion

For the foregoing reasons, the Court grants the United States' motion to dismiss and dismisses the action against the United States without prejudice. The Court remands the action against Western Regional Union to Kings County Civil Court.

Dated: November 1, 2021
      Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge